Supreme Court, New York Special Term, May, 1897. Unreported.

PEOPLE *v.* ETHEL GERARD.

PEOPLE *v.* PATRICK McMAHON.

ANDREWS, J. Upon the complaint of a police officer, charging her with having sold wine without first having obtained a liquor tax certificate, the defendant, Ethel Gerard, was arrested under a warrant issued by a city magistrate, and held for trial at the Court of Special Sessions. The defendant, McMahon, being the holder of such tax certificate was arrested on a charge of having violated section 31 of the amended Liquor Tax Law (the Raines law) and was held for trial at the same court. Applications are now made to me on behalf of both defendants for orders transferring their cases to the Court of General Sessions, which applications are opposed by the district-attorney. The claim made on behalf of both defendants is that the court has no discretion in the matter, and that their right is absolute to have their cases so removed to a court where they cannot be placed on trial until and unless they have been indicted by a grand jury and where they will be entitled to a jury trial. In view of the public importance of this matter I have given it very careful consideration, and have reached the conclusion that these applications must be granted.

\* \* \* \* \*

By the provisions of subdivision 1 of section 35, above quoted (same law) proceedings for the punishment of most of the violations of the provisions of the act must be prosecuted by indictment by a grand jury and by trial in a court of record having jurisdiction for the trial of crimes of the grade of felony. This provision applies to every portion of the State except the city of New York, and but for the amendment of this year, contained in said section 35a, would apply to the city of New York. If it did so apply it would necessarily follow that persons charged with violations of the act in the city of New York, except in cases covered by subdivision 2 of section 34, would have to be prosecuted and tried in the criminal branch of the Supreme Court, or in the Court of General Sessions. In view of the great number of persons charged with offenses of the grade of felony who are indicted and tried in those courts and of the great number of prosecutions instituted during the past year in the city of New York under the Liquor Tax Law passed in 1896, it may be fairly presumed that the object of the Legislature in adopting the amendment contained in section 35a was not to deprive persons arrested in the city of New York of the right to a trial by jury, which is given to defendants so prosecuted in every other part of the State, but to relieve the higher courts and provide a method for the speedy trial, without a jury, for all persons prosecuted for violation of the Liquor Tax Law, who should not elect to exercise the right of removal to the higher court given by the said act of 1895.

\*     \*     \*     \*     \*

To construe section 35a as depriving persons arrested for a violation of this statute in the city of New York of a jury trial is, therefore, to impute to the legislature the intention of giving to defendants in every other part of the State the right to a jury trial, but of depriving all persons prosecuted in the city of New York for violations of the same law of that valuable right. The court will not impute to the legislature the intent to pass a law which would be so unequal, oppressive and unjust. In this State and throughout the United States, the right to a trial by jury in criminal cases is one of the most cherished rights of the citizen, and is embedded in the constitution of every State, and of the United States and the court should not construe an act of the legislature as depriving a defendant of such right, unless the intention to do so is expressed in the clearest

and most unmistakable terms; and especially should the the court not hold that the legislature has discriminated against persons engaged in the liquor traffic in New York city, by depriving them of the right to a trial by jury, when all persons convicted of a violation of the Liquor Tax Law and sentenced to imprisonment in that city must be confined in the penitentiary, subject to the indignity of wearing a criminal's garb, to a discipline nearly as severe as that of the State prison, and compelled to associate with the burglars, thieves and other criminals of the most hardened and abandoned character, who may be imprisoned in that place for terms not exceeding five years, under chapter 571 of the Laws of 1875. It seems to me clear, from the language used in the statute, and from all the considerations above mentioned, that said section 35a does not operate to extinguish the right of removal from the Special Sessions to the General Sessions, which exists in this city, in the case of all other misdemeanors; but, even if the statute is to be regarded as ambiguous, and susceptible of being construed either as taking away or not taking away such right, I certainly think that a just regard for the rights of persons prosecuted under it in the city of New York demands that the latter construction should be adopted.

\* \* \* \* \*

Lastly, in nearly all statutes passed by the Legislature ot this State, which have conferred jurisdiction upon Courts of Special Sessions, or other inferior courts, to try offenses of the grade of misdemeanors (as are most of the crimes created by the statute in question) special care has been taken to preserve the right of trial by jury, either by express provisions providing for trial by jury therein, or giving defendants an absolute right to have their cases removed to a higher court where criminal proceedings are prosecuted by indictment and trial by jury \* \* \*. The Legislature, however, did attempt in the year 1855, when it passed "An Act for the prevention of intemperance, pauperism and crime," and again in 1857, when it passed "An Act to suppress intemperance, and to regulate the sale of intoxicating liquors" to provide for the summary punishment of certain violations of those statutes through trials by a magistrate without a jury. It was, however, decided by the Court of Appeals that this legislation was a violation of that provision of the Constitution which declares that the trial by jury in all cases in which it

has been heretofore used, shall remain inviolate forever. (Citing cases.)

If, therefore, sections 35 and 35a of the statute in question do in fact deprive persons prosecuted for the various misdemeanors created by the statute of the right of trial by jury, the provisions of those sections (under the cases above cited) which have that effect are plainly unconstitutional. Both applications to remove the cases from the Court of Special Sessions to the Court of General Sessions must, therefore, be granted.